FILED
SUPERIOR COURT
OF GUAM

2025 FEB 28 AM 10: 11

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| OSCAR J. VELASQUEZ, | CIVIL CASE NO. CV0137-24 |
| Plaintiff, | |
| vs. | DECISION AND ORDER |
| | (Motion to Dismiss, Motion to |
| DEAL ESTATE, INC., | Continue Trial and Reopen |
| | Discovery, and Motion to Strike) |
| Defendants. | |

This matter came before the Honorable John C. Terlaje on February 24, 2025, for a Motion Hearing on Defendant Deal Estate, Inc.'s ("Deal Estate") Motion and Memorandum to Dismiss Plaintiffs' Complaint to Quiet Title, as well as Defendant's Motion to Continue Trial and Reopen Discovery, and Plaintiff's Motion to Strike. Present were Attorney F. Randall Cunliffe on behalf of Plaintiff Oscar J. Velasquez ("Velasquez") and Attorney David Lujan on behalf of Defendant Deal Estate. Counsel for Defendant requested a week's continuance of the hearing, which the Court granted. However, after reviewing the Motions, as well as filed Oppositions and Replies, the Court exercised its discretion under Guam Rules of Civil Procedure Rule 78 to allow for determination of motions without oral hearing upon the filed written statements of reasons in support and opposition. With respect to the Motion to Dismiss, the Court finds that Plaintiff has pleaded a set of facts that could entitle him to relief, and therefore the Motion to Dismiss is **DENIED**. With respect to the Motion to Continue Trial and Reopen Discovery, the Court finds that the motions

were filed beyond the motion deadline and this motion is therefore **DENIED**. With respect to the Motion to Strike, the Court **GRANTS** the motion for the Motion to Continue Trial and Reopen Discovery, and **DENIES** the motion for the Motion to Dismiss.

## BACKGROUND

This matter stems from a Complaint to Quiet Title filed by Plaintiff on March 22, 2024, relating to property known as Lot No. 5121-1-R1 located in Tamuning, Guam. Complaint to Quiet Title (March 22, 2024). Defendant filed its Verified Answer on April 19, 2024. The following undisputed facts are relevant to the current motions before the court:

1. On June 17, 1986, the Superior Court of Guam settled the Estate of Moises Viado Velasquez and granted Lot 5121-1 to Rita v. Aguon, Ana V. Blas, Oscar J. Velasquez, Vicente SN Velasquez, Andres SN Velasquez, Patricia V. Champaco, George SN Velasquez and Anthony SN Velasquez, equally. Complaint to Quiet Title.

2. In 1972, Lot 5121-1 was subdivivded into two lots, referred to as Lot Nos. 5121-1-1 and 5121-1-R1. *Id.*

3. In 2007, Ana Blas obtained a Special Power of Attorney for her siblings with regard to Lot 5121-1. *Id.*

4. Plaintiff claims Ana Blas' Power of Attorney was revoked by Oscar Velasquez, Anthony Velasquez, and Vincente Velasquez on December 9, 2022, and those revocations were recorded at the Department of Land Management on December 19, 2022. Opposition to Motion to Dismiss (January 16, 2025).

5. Defendant asserts that Ana Blas conveyed Lot 5121-1-R1 to Defendant, and the warranty deeds issued as a result were recorded with the Department of Land

Management on January 20, 2023 and March 30, 2023. Motion and Memorandum to Dismiss Plaintiff's Complaint to Quiet Title (December 20, 2024).

6. Defendant also asserts that Defendant was unaware of any potential disputes between Ana Blas and Plaintiff at the time of the alleged conveyance. *Id.*

7. Rita V. Aguon executed Warranty Deeds to Deal Estate, Inc., for purportedly using the aforementioned powers of attorney in March 2023. Complaint to Quiet Title.

8. Defendant agrees it received a letter from counsel for Plaintiff, sent on or about October 20, 2023, and Defendant never responded to the letter. Verified Answer to Complaint to Quiet Title (April 19, 2024).

## DISCUSSION

### A. The Motion to Continue Trial and Reopen Discovery is beyond the Motion deadline and is therefore denied, Motion to Strike is granted

Rule 6(b) of the Guam Rules of Civil Procedure states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time...if a request is made before the original time or its extension expires; or on motion made after the time has expired if the failure to act was the result of excusable neglect."

As accurately stated by Plaintiff in his Motion to Strike, discovery ended in this matter on August 16, 2024, and the court issued a scheduling order which provided that all motions must be filed no later than July 29, 2024. While this Court understands that Mr. Torres has since withdrawn as counsel, the Court does not believe that replacing counsel alone is sufficient reason to reopen discovery or continue trial, particularly when it has been six months since these deadlines. The request was not made before the original time expired, and this Court does not believe that the failure to act was the result of excusable neglect. The Court is aware through

representations from Mr. Torres before his withdrawal that he was preparing to move for Summary Judgment. The Court does not believe that Mr. Torres would have made this representation to the Court if he did not have sufficient discovery for this motion through reason of excusable neglect. Furthermore, Mr. Lujan was presumably aware of the circumstances and deadlines in this case, as well as the law giving this Court discretion to grant a continuance or not when he chose to enter his appearance on November 8, 2024. Entry of Appearance and Substitution of Attorney (November 8, 2024). Therefore, because the Motion to Continue Trial and Reopen Discovery is beyond the Motion deadline and counsel's failure to prepare for trial was not the result of excusable neglect, the Motion is therefore **DENIED**, and Plaintiff's Motion to Strike this Motion is **GRANTED**.

### B. The Motion to Dismiss is denied because the Court believes a reasonable jury could side with the Plaintiff on the merits of the Complaint

In his Motion to Strike dated January 16, 2025, Plaintiff asserted that the Motion to Dismiss was beyond the motion cutoff date and therefore should be stricken by this Court. Under the Guam Rules of Civil Procedure ("GRCP") Rule 12(b), any of the Motions under Rule 12(b) "shall be made before pleading if a further pleading is permitted," but raising multiple defenses or objections in the same responsive pleading or motion does not waive any defense. However, GRCP 12(h)(2) states that a "defense of failure to state a claim upon which relief may be granted...may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Defendant initially brought up the defense of failure to state a claim upon which relief may be granted in its Answer to Complaint to Quiet Title, filed on April 19, 2024. Therefore, this defense was raised in a pleading "permitted or ordered under Rule 7(a)" to begin with. This defense was not addressed by the Plaintiff or the

Court at this time, but was raised again on December 20, 2024 in the form of what was essentially a motion asking for judgment on the pleadings. Therefore, because Defendant's Motion is allowed under GRCP 12(h)(2), the Court will briefly address the Defendant's Motion to Dismiss at this time, and the Motion to Strike concerning this Motion is **DENIED**.

"A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calve Fin. Corp.*, 2008 Guam 12 ¶ 9 (quoting *Vasquez v. Los Angeles City.*, 487 F.3d 1246, 1249 (9th Cir. 2007)).

Plaintiff's Complaint to Quiet Title makes two main claims. First, that Defendant has no claim to the property because the Special Powers of Attorney issued to Ana V. Blas were revoked, and second, that Ana V. Blas's attempt to pass title using the Special Power of Attorney of Rita V. Aguon passed no title because the power of attorney was for lot 5121-1, not lot 5121-1-R1. According to Defendant, Plaintiff has failed to state a claim upon which relief can be granted because Defendant bought the property as a bona fide purchaser, and therefore Defendant has a superior interest. However, as mentioned by Defendant, a bona fide purchaser obtains "title through payment of value, in good faith, and without actual or constructive notice of another's rights." *Taitano v. Lujan*, 2005 Guam 26 ¶ 27. Defendant claims that Ana Blas had an active power of attorney for this property for her siblings, including the Plaintiff at the time of sale. However, according to Plaintiff, Ana Blas never had power of attorney for this specific property, and that power of attorney was revoked and recorded in December 2022, before Defendant recorded an

interest in the property. As mentioned above, the requirements for a valid Complaint constitute a low bar. The Plaintiff only has to prove there is a set of facts in support of his claim which would entitle him to relief to be entitled to denial of a Motion to Dismiss. The Court believes that the facts claimed in Plaintiff's pleadings create the possibility that Defendant was not a bona fide purchaser, as claimed. If Defendant was not a bona fide purchaser, the property would still belong to Plaintiff and his siblings, as asserted in the Complaint, and granting of Quiet Title to Plaintiff would be appropriate. Therefore, the Plaintiff has not failed to state a claim upon which relief can be granted, and the Motion to Dismiss is **DENIED**.

## CONCLUSION

Viewing the disputed facts in the light most favorable of the non-moving party, the Court finds that Plaintiff has not failed to state a claim upon which relief can be granted. The Court also finds that the Defendant's other Motions were made beyond the Motion deadline set forth by the Court. Accordingly, the Court hereby **DENIES** Defendant's Motion to Dismiss, **DENIES** Defendant's Motion to Reopen Discovery and Continue Trial, and **GRANTS IN PART** the Motion to Strike.

SO ORDERED, this ___2/27/25___,

_____
HON. JOHN C. TERLAJE
Judge, Superior Court of Guam